IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY JOHN, JACQUELINE JOHN, LYANN WILLIAMS, individually and on behalf of her minor children, H.W., S.W., C.W., F.W., and CURTIS WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>LAKE COUNTY AKA COUNTY OF LAKE; CITY OF LAKEPORT, a municipal corporation; CALIFORNIA HIGHWAY PATROL; ANTONIO J. CASTELLANOS, JOSE MARTINEZ, and CODY WHITE, individually and in their capacities as Lake County Sheriff's Department deputies; JOSEPH EASTHAM, and MARK STEELE, individually and in their capacities as Lakeport Police Department officers; SHAWN BERTRAM, individually and in his capacity as a California Highway Patrol Officer; and DOES 1 through 10,<br><br>Defendants. | No. C 18-06935 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND COMPLAINT AND VACATING HEARING** |

**INTRODUCTION**

In this civil rights action, plaintiffs move for leave to file a first amended complaint. To the extent set forth below, plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**. The April 25 hearing is **VACATED**.

**STATEMENT**

A previous order detailed the facts of this case (Dkt. No. 40). In brief, this action stems from two law enforcement searches in November and December 2017 at the homes of the John and Williams families. In both incidents, peace officer defendants allegedly conducted unreasonable, warrantless searches inside plaintiffs' homes while using excessive force.

Plaintiffs filed their original complaint alleging a host of federal and state claims aimed at the individual peace officer defendants as well as the municipalities that employed them. An order dated February 22, 2019 dismissed plaintiffs' *Monell* claims for unreasonable searches and excessive force and state tort claims for intentional infliction of emotional distress and negligence (Dkt. Nos. 1, 40).

Plaintiffs now move for leave to amend and submit a proposed first amended complaint. This order follows full briefing. Pursuant to Civil Local Rule 7-1(b), this order finds plaintiffs' motion suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for April 25.

**ANALYSIS**

FRCP 15(a)(2) permits a party to amends its pleadings with the court's leave, advising that "[t]he court should freely give leave when justice so requires." In ruling on a motion for leave to amend, courts consider: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Futility alone can justify denying leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). For purposes of assessing futility on this motion, the legal standard is the same as it would be on a motion to dismiss under FRCP 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

The proposed first amended complaint seeks to clarify the involved plaintiffs and defendants for each claim, add individual and municipal defendants whose involvement was newly discovered, and revise the claims for *Monell* liability, negligence, and intentional infliction of emotional distress. Defendants Lake County, Deputy Antonio J. Castellanos, and

2

Deputy Cody White only contest the amended *Monell* claims, asserting that the amendments would be futile. Thus, plaintiffs' motion for leave to amend the complaint is **GRANTED** as to all uncontested amendments and this order focuses on the amended *Monell* claims (Mot. at 2; Opp. at 1–4).

There are three viable theories for municipal liability under Section 1983:

> *First*, a local government may be held liable when implementation of its official policies or established customs inflicts the constitutional injury. . . . *Second*, under certain circumstances, a local government may be held liable under Section 1983 for acts of "omission," when such omissions amount to the local government's own official policy. . . . *Third*, a local government may be held liable under Section 1983 when the individual who committed the constitutional tort was an official with final policymaking authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it.

*Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010) (emphasis added). At the pleading stage, a *Monell* claim "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and the "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Plaintiffs' *Monell* claims under the first prong remain conclusory and fail to contain sufficient allegations of underlying fact. Under the first prong, plaintiffs have revised their claim to allege that Lake County and the City of Lakeport had a policy, practice, or custom to, in essence, illegally force entry into homes and conduct unreasonable searches during probation searches (Mot., Ex. A, ¶¶ 39–41, 52–57, 66–71). While plaintiffs have identified a long list of possible policies, practices, or customs, they have failed to provide sufficient underlying facts to push the allegations past legal conclusions. Plaintiffs did not refer to an actual recorded municipal policy, so they must be alleging a practice "so persistent and widespread that it constitutes a permanent and well settled city policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th

Cir. 1996). Plaintiffs, however, have failed to provide sufficient facts showing the existence of such a widespread and persistent custom or practice. Plaintiffs failed to provide any incidents, outside the two incidents at the heart of the this action, where Lake County or City of Lakeport officers forced entry and conducted a warrantless search during a probation search in accordance with a widespread custom or practice. The only other incidents mentioned in the complaint refer to illegal searches of the John home in 1982 and 2015. It was not alleged, however, that peace officers were looking for a probationer during these searches, and the reason given for the 2015 search was "to search the home for items allegedly stolen by Lindsey and his brother Anthony" (Mot., Ex. A, ¶¶ 39–41). Thus, plaintiffs' proposed first amended complaint fails to plausibly allege that Lake County and the City of Lakeport had a widespread practice or custom of illegally conducting probation searches.

In the alternative, plaintiffs claim that Lake County and the City of Lakeport has a "policy, practice, or custom of engaging in illegal, discriminatory, and/or biased treatment of the John/Williams family" (Mot., Ex. A, ¶¶ 21, 34, 41, 54, 57, 68, 71). This assertion also relies on legal conclusions and lacks sufficient factual underpinning. While plaintiffs allege four illegal searches aimed at the John and Williams homes over four decades, these facts do not offer enough to push this claim into the realm of plausibility. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918. Four alleged searches occurring sporadically over four decades does not establish an improper custom or practice. Thus, the motion for leave to amend all *Monell* claims premised on a policy, custom, or practice is **DENIED**.

Plaintiffs' most plausible *Monell* claims allege that the constitutional violations were caused by a failure to train that amounts to a "deliberate indifference" to a constitutional right. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). Specifically, plaintiffs claim that Lake County and the City of Lakeport have, in essence, failed to train its deputies as to the proper conduct when conducting probation searches (Mot., Ex. A, ¶¶ 53, 56, 67, 70).

At this stage, plaintiffs have sufficiently alleged a *Monell* claim premised on constructive notice or obviousness. It is plausible that a failure to train peace officers on the proper conduct during probation searches would cause obvious constitutional violations, as in the incidents serving as the basis of this action. It is also plausible, given the egregious nature of the unlawful searches alleged, that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Canton*, 489 U.S. at 390. Thus the motion for leave to amend the *Monell* claims premised on a failure to train is **GRANTED**.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to amend the complaint is **GRANTED** as to all the uncontested amendments. Plaintiffs' motion for leave to amend the complaint is **DENIED** for the *Monell* claims based on a policy, practice or custom and **GRANTED** for the *Monell* claims based on a failure to train. The April 25 hearing is **VACATED**. Plaintiffs shall file an amended complaint, making the changes allowed above but adding nothing more, by **APRIL 26 AT NOON**. The answer is due by **MAY 10 AT NOON**.

**IT IS SO ORDERED.**

Dated: April 18, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE