**P O R T E R | S C O T T**

A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ and CODY WHITE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY JOHN, JACQUELINE JOHN, LYANN WILLIAMS, individually and on behalf of her minor children, H.W., S.W., C.W., F.W.and CURTIS WILLIAMS, | CASE NO. 3:18-cv-06935-WHA |
| Plaintiffs, | **COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ MOTION FOR LEAVE TO SEEK RECONSIDERATION OF ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS** |
| v. | |
| LAKE COUNTY AKA COUNTY OF LAKE; CITY OF LAKEPORT, a municipal corporation; CALIFORNIA HIGHWAY PATROL; ANTONIO J. CASTELLANOS, JOSE MARTINEZ, and CODY WHITE individually and in his capacity as Lake County Sheriff's Department deputies, JOSEPH EASTHAM and MARK STEELE, individually and in their capacity as Lakeport Police Department officers; SHAWN BERTRAM, individually and in his capacity as a CHP Officer, and DOES 1 through 10. | |
| Defendants. | |

*(sidebar, vertical text)* PORTER |SCOTT 350 University Ave., Suite 200 Sacramento, CA 95825 TEL: 916.929.1481 FAX: 916.927.3706

{02276123.DOCX}

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

**TABLE OF CONTENTS**

I.    INTRODUCTION/BACKGROUND ............................................................1

II.   STANDARD FOR RECONSIDERATION ...............................................2

III.  ARGUMENT ........................................................................................3

    A.  In determining that Plaintiffs' Motion did not violate Due Process, the Magistrate committed clear error in finding the notice was sufficient and thus failed to apply the law correctly ........................................................................3

    B.  In determining that Plaintiffs' Motion was timely, the Magistrate failed to rule on material facts raised in Defendants' Opposition and/or failed to determine that the Motion was brought as soon as practicable ...............................................4

    C.  The Magistrate failed to consider material facts, and misapplied the relevant legal standards in determining that sanctions were warranted .............................5

        i.  The Magistrate was in clear error in determining that Rule 37(e) were proper ................................................................................5

        ii.  The Magistrate was in clear error ordering sanctions under the its Inherent Authority ...................................................................12

    D.  In determining that attorneys' fees were justified, the Magistrate failed to consider material facts and misapplied the relevant legal standards .....................................14

        i.  Plaintiffs' Attorneys' fees justification was made in clear error ................15

        ii.  Plaintiffs' fee amount determination was made in clear error .............18

IV.  CONCLUSION .........................................................................................20

{02276123.DOCX}

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

**TABLE OF AUTHORITIES**

**Cases**

*Adobe Sys. Inc. v. Software Tech*,

    No. 5:14-CV-02140-RMW, 2015 WL 4940899  (N.D. Cal. Aug. 19, 2015) ............................4

*Agility Pub. Warehousing Co. K.S.C. v. Dep't of Def.*

    No. CV 14-1064, 2017 WL 1214424 (D.D.C. Mar. 30, 2017) ....................................7

*Akiona v. United States*

    938 F.2d 158 (9th Cir. 1993)...................................................13

*Apple Inc. v. Samsung Elecs. Co.*

    888 F. Supp. 2d 976 (N.D. Cal. 2012) ........................................8

*Banas v. Volcano Corp.*

    47 F. Supp. 3d 957 (N.D. Cal. 2014) ........................................20

*Blum v. Stenson*

    465 U.S. 886  (1984)..........................................................18

*Bond v. United States*

    529 U.S. 334  (2000) .........................................................9

*Brigham City, Utah v. Stuart*

    547 U.S. 398 (2006) ..........................................................9

*CAT3, LLC v. Black Lineage, Inc*

    164 F. Supp. 3d 488 (S.D.N.Y. 2016).)......................................11

*Chalmers v. Los Angeles*

    796 F.2d 1205 (9th Cir. 1986)................................................15

*Christian Research Institute v. Alnor*

    165 Cal. App.4th 1315 (2008)................................................16

*Cottle-Banks v. Cox Communications, Inc.*

    2013 WL 2244333 (S.D. Cal. May 21, 2013) ................................13

{02276123.DOCX}

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

*First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*

  No. 15-CV-1893-HRL, 2016 WL 5870218, (N.D. Cal. Oct. 7, 2016 ...................................10, 11

*Frias v. City of Los Angeles*

  No. CV 16-4626 PSG (SKX), 2020 WL 4001620 (C.D. Cal. Apr. 23, 2020). ...........................19

*Gates v. Deukmejian*

  987 F.2d 1392 (9th Cir. 1992) ...................................................................................................15

*Gonzalez v. City of Maywood*

  729 F.3d 1196 (9th Cir. 2013) ...................................................................................................18

*Hensley v. Eckerhart*

  461 U.S. 424 (1983).) ..........................................................................................................15,17

*Henson v. Turn, Inc.*

  No. 15-CV-01497-JSW (LB), 2018 WL 5281629 (N.D. Cal. Oct. 22, 2018) ...........................7

*In re Ames Dept. Stores, Inc.*

  76 F.3d 66 (2d Cir.1996)) ...........................................................................................................3

*In re Animation Workers Antitrust Litig.*

  2016 WL 6663005 (N.D. Cal. Nov. 11, 2016). ........................................................................18

*In re Ethicon, Inc. Pelvic Repair Systems Product Liability Litigation*

  299 F.R.D. 502, 523 (S.D.W.Va. Feb. 4, 2014) .........................................................................8

*In re Hitachi Television Optical Block Cases*

  No. 08CV1746 DMS NLS, 2011 WL 3563781 (S.D. Cal. Aug. 12, 2011) ...............................13

*In re Yagman*

  803 F.2d 1085 (9th Cir. 1986). ..................................................................................................14

*John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*

  No. 6:14-CV-178, 2015 WL 11112540 (E.D. Tex. Oct. 30, 2015) ..............................................7

*Jones v. Pittsburgh Nat'l Corp.*

  899 F.2d 1350 (3d Cir.1990).  ....................................................................................................3

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX. 916.927.3706

{02276123.DOCX}

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

*Lee v. Gates*

    No. CV 03-03126-GAF, 2005 WL 67087 (C.D. Cal. Jan. 10, 2005) ............................................3

*Leon v. IDX Sys. Corp.*

    464 F.3d 951 (9th Cir. 2006 ......................................................................................8, 12, 13

*L.H. v. Schwarzenegger*

    645 F.Supp.2d 888 (E.D. Cal. 2009) ....................................................................................15, 17

*Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd*

    No. 14-CV-62216, 2016 WL 1105297 (S.D. Fla. Mar. 22, 2016) ..........................................6

*Matter of Yagman*

    796 F.2d 1165 (9th Cir.) ......................................................................................................14

*Nitsch v. DreamWorks Animation SKG Inc*.

    2017 WL 2423161 (N.D. Cal. June 5, 2017). ......................................................................18

*Nursing Home Pension Fund v. Oracle Corp.*

    254 F.R.D. 559 N.D. Cal. 2008 ............................................................................................13

*Ottoson v. SMBC Leasing & Fin., Inc.*

    268 F. Supp. 3d 570 (S.D.N.Y. 2017). ................................................................................11

*Porter v. City & Cty. of San Francisco*

    2018 WL 4215602 (N.D. Cal. Sept. 5, 2018)......................................................................10

*Portnoy v. Veolia Transp. Servs*.

    2013 WL 4828122, 2013 U.S. Dist LEXIS 128511  (2013 ..................................................19

*Rey v. Madera Unified Sch. Dist*.

    203 Cal.App.4th 1223 (2012)................................................................................................15

*Richard Green  v. McClendon*

    262 F.R.D. 284 (S.D.N.Y.2009)) ..........................................................................................5

*Role Models Am., Inc. v. Brownlee*

    353 F.3d 962 (D.C.Cir.2004)) ........................................................................................16, 17

{02276123.DOCX}

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

*Sch. Dist. No. IJ v. ACandS, Inc.*

   5 F.3d 1255  (9th Cir. 1993) ...................................................................................................2

*Schmid v. Milwaukee Elec. Tool Corp.*

   13 F.3d 76 (3d Cir. 1994)); ...............................................................................................12

*Spencer v. Lunada Bay Boys*

   No. CV1602129SJORAOX, 2018 WL 839862 (C.D. Cal. Feb. 12, 2018) ........................14

   2014 WL 4253259 (D. Del. Aug. 27, 2014) ......................................................................11

*Stephen v. Hanley*

   No. 03-CV-6226(KAM)(LB), 2009 WL 1437613 (E.D.N.Y. May 20, 2009 ....................12

*Surowiec v. Capital Title Agency, Inc.*

   790 F. Supp. 2d 997 (D. Ariz. 2011) ...................................................................................5

*Till v. Big Lots Stores, Inc.*

   2014 WL 12587035 (C.D. Cal. 2014) ..................................................................................5

*Tingle v. Hebert*

   No. 15-626-JWD-EWD, 2018 WL 1726667 (M.D. La. Apr. 10, 2018)) .............................7

*Welch v. Metro. Life Ins. Co.*

   480 F.3d 942 (9th Cir. 2007)) ............................................................................................14

*Wimbush v. Matera*

   2014 WL 7239891 (D. Md. Dec. 17, 2014). .......................................................................7

*Wm. T. Thompson Co. v. General Nutrition Corp.*

   593 F.Supp. 1443 (C.D. Cal. 1984)). ................................................................................13

*Zuk v. Eastern Pa. Psychiatric Inst. of the Med. College of Pa.*

   103 F.3d 294 (3d Cir.1996) ..................................................................................................3

**Statutes**

42 U.S.C. § 1983 ...........................................................................................................18, 19

Federal Rule Civil Procedure Rule 37(e) ..........................................................3, 5-7, 10, 12, 14

Northern District Civil Local Rule 7-9(b) .......................................................................1,2

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02276123.DOCX}

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

{02276123.DOCX}

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

Pursuant to Local Rule 7-9, Defendants hereby seek leave to file a motion for reconsideration of the Amended Order regarding Plaintiffs' Motion for Sanctions ("Order"; ECF No. 162) on the following grounds:

1.   In determining that Plaintiffs' Motion did not violate Due Process, the Magistrate committed clear error in finding the notice was sufficient and thus failed to apply the law correctly;

2.   In determining that Plaintiffs' Motion was timely, the Magistrate failed to rule on material facts addressed in Defendants' Opposition to the Motion, and/or the Magistrate did not determine that Plaintiffs' Motion was brought "as soon as practicable."

3.   In determining that sanctions were warranted, the Magistrate failed to consider material facts, and/or misapplied the relevant legal standards.

4.   In determining that Attorney fees were justified, the Magistrate failed to consider material facts, and/or misapplied the relevant legal standards.

## I.   INTRODUCTION/BACKGROUND

This case arises from two probation searches for non-party Lindsay Williams at Plaintiffs' residences in November and December 2017, after felony arrest warrants for Lindsay Williams were issued by Lake County Superior Court.  The claims that remain concern whether Defendant Martinez' use of force in the making the entry in November (which was captured on video) violated state law, and whether Deputy Castellanos should have intervened during the December search when Lakeport Officer Eastham withdrew his taser and allegedly pointed it at Plaintiffs while ordering them to first vacate a room, so that the officers could leave (which was also captured on video), and *Monell* claims.

After this case was initially set for Pretrial Conference on May 6, 2020, which was vacated only because of COVID-19 and the restrictions in place on jury trials, on May 12, 2020, Plaintiffs filed a motion for sanctions and adverse jury inference in regard to the production of electronically stored information ("ESI") in this matter. (ECF No. 146).  Defendants' opposed Plaintiffs' Motion arguing, as relevant to this present Motion, that Plaintiffs' failed to provide proper notice; Plaintiffs'

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02276123.DOCX}                                    1

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

Motion was untimely; that the law enforcement reports and videos of the search were preserved; the Sheriff's department does not have an ESI destruction policy and, the email or text messages that were allegedly destroyed were recovered/produced using alternate sources, and/or that Plaintiffs' allegation that texts or emails allegedly reveal some nefarious intent, are irrelevant to the claims; and there was no intent to destroy evidence.  ("Opposition"; ECF No. 156).

Following an initial order and allowance of supplemental declaration to support sanctions, the Magistrate in the Amended Order, dated August 17, 2020, granted the motion for sanctions, and ordered the County, as follows:  "The Court GRANTS the motion for sanctions, RECOMMENDS that the District Court provide the requested adverse inference instruction to the jury, and GRANTS the motion for attorneys' fees in the amount of $121,154.98, to be paid by Defendant Lake County."

Defendants now respectfully seek leave to move for reconsideration with respect to clear and/or manifestly unjust errors in the Court's Amended Order on the Motion for Sanctions. The Court's ruling failed to consider material facts and/or dispositive legal arguments which were presented to the Court in Defendants' Opposition (ECF No. 156), but not addressed in the Amended Order on the Motion for Sanctions.

## II. STANDARD FOR RECONSIDERATION

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. IJ v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). Moreover, the Northern District Civil Local Rule 7-9 sets forth the requirements for seeking leave to file a motion for reconsideration. Under Local Rule 7-9(b), a moving party seeking reconsideration must show specifically: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. *Id.* The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of such order; or (2) the emergence of new material facts or a change of law occurring

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. *Id.*

### III. ARGUMENT

**A. In determining that Plaintiffs' Motion did not violate Due Process, the Magistrate committed clear error in finding the notice was sufficient and thus failed to apply the law correctly.**

Defendants respectfully submit it was a manifest failure by the Court to not specifically rule on Defendants' assertion that Plaintiffs' Notice of Motion for Sanctions was procedurally improper and failed to provide proper notice as to comply with Defendants' Due Process rights. (ECF No. 146). The Court stated, "Plaintiffs clearly identified the underlying law and the sanctions that they seek in a detailed, thorough brief of 25 pages." (Order, p. 8:27-28; 9:1). Other than stating that Defendants' argument "made no sense," the Court did not substantively address the fact that the actual Notice was procedurally improper. (*Id.*).

However, Defendants submit that there is no authority that states notice (and therefore due process) is satisfied by references to the body of Plaintiffs' argument laid out in their Memorandum of Points and Authorities, as opposed to in the Notice itself.

"[D]ue process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." *Lee v. Gates*, No. CV 03-03126-GAF, 2005 WL 67087, at *2 (C.D. Cal. Jan. 10, 2005) *citing In re Ames Dept. Stores, Inc.,* 76 F.3d 66, 70 (2d Cir.1996) (emphasis in original). The notice must be particularized - meaning both of the sanctioning authority being considered and the conduct alleged to be sanctionable. See *Zuk v. Eastern Pa. Psychiatric Inst. of the Med. College of Pa.*, 103 F.3d 294, 298 (3d Cir.1996); *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1357 (3d Cir.1990). Plaintiffs' Notice of Motion fails to properly apprise Defendants or their counsel the basis for sanctions under the Court's inherent authority and Rule 37(e) of the Federal Rules of Civil Procedure. (ECF No. 146) There is nothing in the "Notice" section that states the factual basis for the motion under the Court's inherent authority or Rule 37(e),

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

and only vaguely states "for spoliating evidence." This is insufficient notice.  Plaintiffs fail to identify, in the Notice, what evidence was allegedly spoiled.

Moreover, the Notice does not mention it seeks an "adverse instruction."   While the section entitled "Statement of Relief Sought" says it is seeking an adverse instruction, the section does not specifically notice what was allegedly spoiled, nor what kind of adverse instruction would be relevant to this case.

Lastly, the Notice fails to state what amounts are sought nor against whom any amounts are sought.  Even accounting for the section entitled "Statement of Relief Sought" such does not properly provide notice of what amounts and against whom.   Instead, Plaintiffs lump all defendants and their counsel for all claimed conduct ostensibly raised in the body of the motion. That cannot be sufficient compliance with Due Process. To allow this ruling to stand is tantamount to effectively finding that so long as some portion of what is being sought is in the body of the motion for sanctions that satisfies the notice requirements.  Therefore, Defendants respectfully submit that the Magistrate was in clear error by finding notice was satisfied by reference to the body of the motion.

**B.  In determining Plaintiffs' Motion was timely, the Magistrate failed to rule on material facts raised in Defendants' Opposition and/or failed to determine that the Motion was brought as soon as practicable**

In determining the timeliness of Plaintiffs' Motion, the Magistrate incorrectly stated that, "Defendants argue that Plaintiffs' motion is not timely because Plaintiffs filed the motion more than seven days after the close of discovery in violation of Northern District Civil Local Rule 37-3." (Order, p. 9:2-5).  Instead, Defendants' actually argued in Opposition that Plaintiffs' failed to establish that the motion was made "as soon as practicable," not that Plaintiffs' Motion was filed after the close of the discovery period. (Opposition, p. 10:11-13).  The Civil Local Rules for the Northern District of California provide that a motion for sanctions "must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate." Civil L.R. 7-8(c). See *Adobe Sys. Inc. v. Software Tech*, No. 5:14-CV-02140-RMW, 2015 WL 4940899, at *3 (N.D. Cal. Aug. 19, 2015) (holding that motion for sanctions was timely

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

1   when filed less than one month after receiving relevant discovery responses). Therefore,

2   Defendants' submit it was clear error for the Magistrate not to determine whether Plaintiffs' motion

3   was filed as soon as practicable.

**C. The Magistrate failed to consider material facts, and misapplied the relevant legal standards in determining that sanctions were warranted.**

The Magistrate found that sanctions were warranted under both Federal Rule of Civil Procedure 37 and the Court's inherent authority because of the alleged destruction of ESI in the form of text messages and emails. Defendants submit that such a determination was in clear error. "Not every loss or destruction of evidence prior to or during litigation constitutes sanctionable spoliation." *Till v. Big Lots Stores, Inc.*, 2014 WL 12587035 at *1 (C.D. Cal. 2014).

**i.    The Magistrate was in clear error in determining that Rule 37(e) were proper**

First, the Magistrate concluded that Defendants failed their obligation to preserve evidence when Plaintiffs noticed their administrative claim on May 15, 2018, or in the alternative when the Complaint was filed on November 15, 2018. (Order, p. 10: 6-13). Defendants submit the Magistrate ignored material facts when coming to this conclusion.

As argued in Defendants Opposition papers, claims filed against the County are first handled by a third-party administrator. "The preservation obligation runs first to counsel, who has 'a duty to advise his client of the type of information potentially relevant to the lawsuit and of the necessity of preventing its destruction.'" *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1006 (D. Ariz. 2011) *citing Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 290 (S.D.N.Y.2009) (citations omitted).  Counsel for Defendants was not assigned this matter until after the lawsuit was filed, in or around January, 2019.  **At that time**, the Sheriff's Department undertook its legal preservation obligations to identify and diligently search for any and all records, e-mails, documents, or other evidence which may have any bearing on the lawsuit. (Opposition, p. 5: 20-26). Law enforcement uses reporting in the RIMS system, and Computer Aided Dispatch (CAD) to document calls for service and reporting of law enforcement activities, as well as body camera footage, all of which was preserved and produced in this matter. In addition, Defendants

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX: 916.927.3706

{02276123.DOCX}                                      5

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

also searched and produced over 10,000 pages of ESI on November 21, 2019, including emails that merely mentioned Lindsay Williams. (Opposition, pp. 7: 3-7; 12: 9-11).    In other words, it is undisputed that command staff required preservation of evidence once the lawsuit was filed and they were made aware.   To the extent that a "litigation hold" on email by the IT director was not put in place at that time is only evidence of inadvertance at best, not some nefarious intent to not preserve evidence.    See e.g. *Zambrano v. City of Tustin*, 885 F.2d 1473, 1485 (9th Cir.1989) (sanctions award reversed, finding that sanction for mere "inadvertent" conduct is insufficient).

When a gap was noted in the subject text chain due to Deputy Castellanos trading in his cellphone and/or indiscriminately deleting the texts out of a space saving habit, another source of the text chain was located, found, and produced. *See Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd.*, No. 14-CV-62216, 2016 WL 1105297, at *5 (S.D. Fla. Mar. 22, 2016) (a defendant's text messages were not lost under Rule 37(e) because they were provided to the plaintiff by another party).

Next, the Magistrate reasoned that "the electronically stored information was lost because Defendants failed to take steps to preserve it." (Order, p. 10: 20-21). In regard to the email servers, the Magistrate concluded that IT Director Shane French "never conducted a search of the email server." (*Id*.). This is untrue. Mr. French testified that this was the "most complicated search terms I've ever had to do…." (Deposition of French, p. 55: 21-22). Mr. French conducted a search of 23 of the 29 agreed upon search terms initially run across the identified drives associated with the Sheriff's Department of Lake County (they do not have a dedicated server) in the County's server system, and County-wide email server (Deposition of French, pp. 16: 10-21; 48: 10-25; 49: 1-25; 50:1-25; 51: 1-25; 56 10-25; 59: 13-25; 60: 1-9). Mr. French thereafter sent the results of the email searches via a PST file to counsel for Defense in or around December 18, 2019. (Deposition of French, p. 73: 20-25).

In regard to the text messages that were allegedly lost or deleted, the Magistrate noted that there was "no attempt to image their cell phones or run a search across all of their text messages for responsive messages." (Order, pp. 10:28; 11:1). However, Defendants submit that there is no

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

requirement in the law for forensic imaging of cell phones, particularly in the law enforcement context, particularly where there was no evidence in this case that the defendants used the cell phones for investigation purposes, as opposed to simple communication.  The Ninth Circuit has noted that "[c]ourts and commentators have recognized that privacy interests can be a consideration in evaluating proportionality, particularly in the context of a request to inspect personal electronic devices." *Henson v. Turn, Inc.,* No. 15-CV-01497-JSW (LB), 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018) citing *Tingle v. Hebert*, No. 15-626-JWD-EWD, 2018 WL 1726667, at *7–8 (M.D. La. Apr. 10, 2018) (finding that "Defendants have also made no showing that the requested forensic examination of Plaintiffs' personal cell phone and personal email accounts are proportional to the needs of this case" and holding that " '[t]he utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns' ") (quoting *John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*, No. 6:14-CV-178, 2015 WL 11112540, at *2 (E.D. Tex. Oct. 30, 2015).

Nonetheless, these text messages were found through another party and produced to Plaintiffs.  Lakeport Officer Eastham produced the missing text from Castellanos that occurred the night of the December 2017 search, and Deputy Newton produced the missing text from March 2019 (Opposition, p. 13: 3-6), and therefore these texts were not lost. Information is lost for purposes of Rule 37(e) only if it is irretrievable from another source, including other custodians of the information. *See Agility Pub. Warehousing Co. K.S.C. v. Dep't of Def.,* No. CV 14-1064, 2017 WL 1214424, at *3 (D.D.C. Mar. 30, 2017) (e-mails were only lost if they "were deleted, were not part of [another party's] production, and ... are now irretrievable").

Next, the Magistrate determined that there "is no showing by Defendants that can recover deleted emails or text messages" and that Plaintiffs were prejudiced because "there is a strong likelihood that there are other text messages regarding Lindsay Williams that they can never recover." (Order, pp. 11:5-6; 12:4-6).

However, "[a] successful claim for spoliation of evidence cannot be premised on mere speculation on the existence of such evidence." *Wimbush v. Matera*, 2014 WL 7239891, at *32 (D.

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX: 916.927.3706

Md. Dec. 17, 2014). "[S]peculative or generalized assertions that the missing evidence would have been favorable to the party seeking sanctions are insufficient." *In re Ethicon, Inc. Pelvic Repair Systems Product Liability Litigation*, 299 F.R.D. 502, 523 (S.D.W.Va. Feb. 4, 2014). The mere theoretical existence of "texts regarding Lindsay Williams" does not make the texts relevant to the claims in the case.

This Court cited to the case, *Apple Inc. v. Samsung Elecs. Co*., 888 F. Supp. 2d 976, 992 (N.D. Cal. 2012). In *Apple v. Samsung,* Samsung had a specific policy of deleting emails every 14 days throughout the entire litigation *Id*. at 1145. This is dissimilar to the present matter where the Sheriff's Department does not have a policy of destruction or deletion for its law enforcement records, nor its emails. (Deposition of Bingham, p. 316). In other words, the Sheriff's Department does not purge its documents, nor its emails. (*Id*.). Likewise, the County does not automatically purge its emails. (Deposition of Bingham, p. 313).

Moreover, in *Apple Inc. v. Samsung Elecs Co.,* the Magistrate found that "evidence of Apple's resulting prejudice is not particularly strong." *Apple Inc. v. Samsung Elecs. Co*., 888 F. Supp. 2d 976, 992 (N.D. Cal. 2012). The court stated this because Samsung had produced over "12 million pages of documents, including over 80,000 emails, gathered from more than 380 witnesses." *Id.* Additionally, "Samsung produced over 70,000 pages, comprised of 5,159 documents and emails, from the very custodians whose documents Apple identified as having been likely destroyed." *Id.* The Court noted on one hand, "the loss of an entire source of documents significantly hampers [an opposing party's] ability to prepare and prosecute their case (citations)" *Id.* The Court noted, "[o]n the other hand, the Court finds it difficult to conclude that Apple's "ability to go to trial" was significantly hampered where discovery in this case has been so voluminous. *Id.* (*citing Leon,* 464 F.3d at 959; *see In re Oracle,* 627 F.3d at 386 (limiting scope of adverse inference instruction where ample discovery was produced).

Similarly, while the present matter is certainly not as ESI intensive as a litigation between two major technology companies (Apple and Samsung), in fact its nothing like it as there is no evidence that ESI was an investigative tool used in this case, the discovery that was produced in this

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX: 916.927.3706

case was ample. Defendants submit that the Magistrate did not consider the full amount of discovery in their prejudice determination, which included over 10,000 pages of documents as well as, the probation records of Lindsay Williams, the arrest report from the August 17, 2017 search and arrest of Lindsay Williams along with the body camera video of the August 17, 2017 search and arrest, and the arrest warrants, the bodycamera footage of the November 16, 2017 and December 9, 2017 search, as well as the underlying domestic report that initiated the December 9, 2017 search, and the internal affairs investigation of the two incidents. (Opposition, p. 6: 13-20). Defendants submit that in light of all discovery produced in this case, the prejudice to Plaintiffs is slight, and texts and/or emails that allegedly were deleted does not hamper Plaintiffs' ability to go to trial given the scope of discovery in this case.

Next the Magistrate determined that the "text message chain that was produced goes to some of the key issues in this case, such as the individual Defendants' knowledge of Lindsay Williams' address and their animus against Plaintiffs."  This misses the mark: the text message chain was recovered from another source and produced.  Moreover, Defendants' urge the Court to reconsider this determination, as the Deputies' subjective motivations are irrelevant to the claims in this matter. *Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006) citing *Bond v. United States*, 529 U.S. 334, 338, n. 2 (2000) ("…the subjective intent of the law enforcement officer is irrelevant in determining whether that officer's actions violate the Fourth Amendment ...; the issue is not his state of mind, but the objective effect of his actions"). Any alleged subjective "animus" that the Defendant Deputies had towards' Lindsay Williams is irrelevant to Plaintiffs' Fourth Amendment claim, and Defendants' fail to see how text messages would have any relevancy to Plaintiffs ability to prosecute their failure to train claim under *Monell*. [1]

---

[1] To succeed on a failure to train claim, plaintiff must prove:  (1) the City's training program was not adequate to train its officers to properly handle the usual and recurring situations with which they must deal; (2) the City was deliberately indifferent to the need to train its officers adequately; and (3) the failure to provide proper training was the cause of the deprivation of the claimant's rights protected by the Constitution or laws of the United States.  *Canton v. Harris*, 489 U.S. 378, 388-391 (1989).

{02276123.DOCX}

9

Lastly, the Magistrate found that Defendants "acted with intent to deprive Plaintiffs of the destroyed evidence" and thus concluded that the adverse jury inference was warranted. (Order, p. 12: 19-28).  Defendants submit this determination was also made in clear error.

Defendants did not possess the requisite intent to "deprive another party of the information's use in the litigation" pursuant to Rule 37(e)(2). As this Court noted, "the 2015 Advisory Committee Notes to the amendment of Rule 37(e) advise that '[n]egligent or even grossly negligent behavior' is insufficient to show 'intent' 2015Advisory Comm. Notes." (Order, p. 9: 25-28). Moreover, the Magistrate noted that Rule 37(e)(2)'s intent requirement is satisfied "where the evidence shows or it is reasonable to infer that the party purposefully destroyed evidence to avoid its obligations in litigation. *See*, *e.g.*, *Porter v. City & Cty. of San Francisco*, 2018 WL 4215602, *3 (N.D. Cal. Sept. 5, 2018) (citing cases)." (Order, p. 10: 2-4).

Here, Defendants produced emails which merely mentioned Lindsay Williams going back as far as 2014. (Opposition, p. 10: 9-11). Moreover, each Deputy provided in their respective declarations that they searched their phones for texts in connection with several categories, the deputies did not purposefully destroy evidence, and any deletion of emails or texts was done inadvertently to save space on their phone and/or was lost from Deputy Castellanos' phone during a new phone purchase in 2018. (See ECF Nos. 156-3; 156-4). Defendants' submit that there was not sufficient evidence to reasonably infer that the named deputies "purposefully destroyed evidence to avoid its obligations in litigation." (See Order, p. 10: 2-4).

The present matter also differs from *Porter v. City & Cty. of San Francisco*, and the cases cited therein. For example, in *First Financial Security, Inc. v. Freedom Equirty Group, LLC*, the FEG principals agreed that "they should not communicate electronically regarding possible legal claims" and the principals also deleted text messages. *First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*, No. 15-CV-1893-HRL, 2016 WL 5870218, at *3 (N.D. Cal. Oct. 7, 2016). The court determined that FEG acted with the intent to deprive FES of the deleted text messages because there was an "explicit agreement to avoid communicating electronically" and the court inferred that "FEG's agents created incriminating text messages, realized the text messages would be

10

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX: 916.927.3706

1  discoverable, and, by deleting the text messages, acted improperly upon their shared intent to keep

2  incriminating facts out of evidence" *Id*.

3      In *CAT3, LLC v. Black Lineage, Inc*., the plaintiffs produced emails that had been copied

4  over with altered email domains. The plaintiffs "initially copied the version of the emails that

5  contained the true and correct email addresses/domain names, and then deleting the true and correct

6  versions prior to production." *CAT3, LLC v. Black Lineage, Inc*., 164 F. Supp. 3d 488, 492 (S.D.N.Y.

7  2016). "The deleted emails were then replaced with a second, altered version of the email

8  correspondence, which was then produced to Defendants." (*Id*.) The Court reasoned that "relief

9  would not be available under the amended rule where, for example, emails are lost when one

10 custodian deletes them from his mailbox but remain available in the records of another custodian."

11 *Id*. at 497.  However, the Court noted that the plaintiffs' cannot rely on a different version of the

12 same email because the "fact that there are near-duplicate emails showing different addresses casts

13 doubt on the authenticity of both." *Id*. The court ultimately concluded that attorneys' fees were

14 warranted for the spoliation, and the plaintiffs were precluded from further reliance on the subject

15 emails. *Id*. at 502.

16     Lastly, in *Ottoson v. SMBC Leasing and Finance Inc*., the plaintiff deleted and/or failed to

17 turn over emails intending to "direct the exact contents" of a witnesses' testimony in order to avoid

18 a discover dispute. *Ottoson v. SMBC Leasing & Fin., Inc.,* 268 F. Supp. 3d 570, 582 (S.D.N.Y.

19 2017). Court found that sanctions were warranted after the plaintiff either actively deleted emails or

20 failed to take any steps to preserve emails with this witness, and the emails also concerned the

21 existence of a report that was essential to the Plaintiffs' case. *Id.*

22     Here, unlike the above cited authority, Defendants submit there is insufficient evidence that

23 any of the named deputies had the intent to purposefully destroy relevant and/or potentially relevant

24 email or texts or "avoid communicating electronically" regarding information related to this

25 litigation. *See First Financial Security, Inc.* 2016 WL 5870218, at *3. The deputies also did not

26 actively alter their emails or texts and/or actively delete their emails or texts for the purposes of

27 hiding essential evidence pertinent to the case. Indiscriminately moving emails from an inbox to the

28

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX: 916.927.3706

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

1  deleted folder, when there is no purge policy, does not evince an intent to deprive Plaintiffs. The

2  move was indiscriminate, and only upon notice the email inbox was full.  This is hardly an intent to

3  deprive Plaintiffs of evidence. The Court must find there was bad faith, and that the spoliating party

4  'intended to impair the ability of the party' to prosecute the case. *See e.g. Schmid v. Milwaukee Elec.*

5  *Tool Corp.*, 13 F.3d 76, 80 (3d Cir. 1994)); *see also St. Clair Intellectual Prop. Consultants, Inc. v.*

6  *Toshiba Corp.*, 2014 WL 4253259, at *5 (D. Del. Aug. 27, 2014) (finding no bad faith where

7  conduct consists of "inadvertence, negligence, inexplicable foolishness, or part of the normal

8  activities of business or daily living").

9          Moreover, the Magistrate assumed that since alleged emails relating to Lindsay Williams

10  were not found in the searches, these emails must have existed in the first place, and therefore must

11  have been deleted.  (Order at p. 13:3-5). "Along with the requirements for spoliation, the court states

12  the obvious: the evidence must have existed." *Stephen v. Hanley*, No. 03-CV-6226(KAM)(LB),

13  2009 WL 1437613, at *2 (E.D.N.Y. May 20, 2009). Notwithstanding the fact that these e-mails may

14  or may not have existed, the Magistrate did not address whether the Deputies knew or had reason to

15  know that the alleged deleted emails were potentially relevant to this litigation, or that they were in

16  fact potentially relevant to the litigation.

17          Based on the foregoing, Defendants' respectfully request the Court to reconsider the order

18  on sanctions and adverse inference instruction pursuant to Federal Rule of Civil Procedure 37(e).

19      **ii.    The Magistrate was in clear error ordering sanctions under its Inherent**

20              **Authority**

21          The Magistrate also determined sanctions were proper pursuant to the Court's inherent

22  authority. The Magistrate found that Defendants' acted with a "culpable state of mind" by relying

23  on the analysis for sanctions under Federal Rule of Civil Procedure 37(e). (Order at p. 13: 24-25).

24  Defendants' submit that this ruling was in clear error, because defendants did not destroy evidence

25  with a "culpable state of mind." *See Leon v. IDX Sys. Corp.,* 464 F.3d 951, 959 (9th Cir. 2006)

26  (Court concluded that Leon's behavior amounted to willful spoliation because he knew he was under

27  a duty to preserve all data on the laptop, but intentionally deleted many files and then wrote a

28

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02276123.DOCX}                                    12

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

program to write over deleted documents).  In the case, *Nursing Home Pension Fund v. Oracle Corp.,* 254 F.R.D. 559, 566 (N.D. Cal. 2008), the Court concluded that "defendants destroyed or failed to preserve Ellison's emails willfully, because they had "some notice that the documents were *potentially* relevant to the litigation before they were destroyed"

Litigants have a duty to preserve material which they know, or reasonably should know, relevant in an action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, or is the subject of pending discovery requests. *Cottle-Banks v. Cox Communications, Inc.*, 2013 WL 2244333 at *13 (S.D. Cal. May 21, 2013) (citing *Wm. T. Thompson Co. v. General Nutrition Corp.*, 593 F.Supp. 1443, 1455 (C.D. Cal. 1984)). A party should only be penalized for destroying evidence if it was wrong to do so. *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1993). "That requires, at a minimum, some notice that the documents are potentially relevant." *Id*.

Here, Defendants submit that it was clear error to determine that text and emails that may have occurred in 2019 - two years after the searches in 2017 – and emails and/or texts regarding other criminal investigations, would have put the defendants on notice that these texts would be potentially relevant to the claims arising from searches or force used in 2017. Regardless, Plaintiffs still must show that they were prejudiced by not having the emails and texts. "Prejudice is determined by looking at whether the spoliating party's actions impaired the non-spoliating party's ability to go to trial, threatened to interfere with the rightful decision of the case, or forced the non-spoiling party to rely on incomplete and spotty evidence. *In re Hitachi Television Optical Block Cases,* No. 08CV1746 DMS NLS, 2011 WL 3563781, at *6 (S.D. Cal. Aug. 12, 2011) *citing Leon v. IDX Systems Corp.,* 464 F.3d 951, 959 (9th Cir.2006). As discussed above, the deletion of these alleged emails or texts does not force Plaintiffs to "rely on incomplete and spotty evidence" given the ample amount of discovery produced in this case. Accordingly, Defendants respectfully submit that the Court reconsider sanctions and adverse jury inference under its inherent authority.

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX: 916.927.3706

**D. In determining that attorney's fees were warranted, the Magistrate failed to consider material facts, and misapplied relevant legal standards**

The Magistrate determined that attorney's fees in the amount of $121,154.98 are "warranted both under Rule 37(e) and the Court's inherent authority." (Order, p. 14: 25-28). Under Rule 37(e), upon a finding of prejudice, a court is authorized to employ measures "no greater than necessary to cure the prejudice." *Spencer v. Lunada Bay Boys,* No. CV1602129SJORAOX, 2018 WL 839862, at *1 (C.D. Cal. Feb. 12, 2018), aff'd, No. 18-55364, 2020 WL 1490922 (9th Cir. Mar. 27, 2020) citing Fed. R. Civ. P. 37(e)(1). That is because the sanction should be tied to the prejudice, but the Magistrate failed to link any item of requested fee to the purported prejudice.  Instead, the court essentially awarded each requested portion related to discovery, numerous depositions and so forth, but without reference to how the purported prejudice warranted what portion of the fees requested. For example, in the Declaration of Angela Dunning (ECF No. 146-1), Plaintiffs attached as exhibits multiple deposition transcripts to justify their fees for the numerous depositions taken in this case (ECF No. 146-1 ¶¶ 52, 53, 55). However, there is no determination by the Magistrate how the purported prejudice warranted the fees requested for these depositions. Similarly, Plaintiffs' attach multiple exhibits referring to meet and confer efforts between counsel in connection with filing of the Joint Letter Brief, yet there's no determination by the court as to what portion of the fee is attributable to the alleged prejudice that Plaintiffs' suffered. (ECF No.146-1 ¶ 51).

Moreover, "[w]hen the sanctions award is based upon attorney's fees and related expenses, an essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees. Recovery should never exceed those expenses and fees that were reasonably necessary to resist the offending action." *Matter of Yagman*, 796 F.2d 1165, 1184–85 (9th Cir.), opinion amended on denial of reh'g sub nom. *In re Yagman*, 803 F.2d 1085 (9th Cir. 1986).

As described in detail below, Defendants submit that it was in clear error to award Plaintiffs' requested amount in full as the fees associated with the handling of this matter are unreasonable and not supported by competent evidence.

///

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX: 916.927.3706

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

**i.      Plaintiffs' Attorneys' Fees justification was made in clear error.**

The starting point for determining a reasonable fee is the "lodestar" figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate. *Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1992); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Essential to this determination is that Plaintiffs may only be compensated for those hours of work that were "reasonably expended." *L.H. v. Schwarzenegger*, 645 F.Supp.2d 888, 896 (E.D. Cal. 2009); citing *Hensley,* 461 U.S. at 433-34. Attorneys seeking an award of fees bear the burden of submitting detailed time records justifying the hours spent on each task. The number of hours allotted for the lodestar calculation should be reduced if the documentation is inadequate, if the case was overstaffed, if hours were duplicated, if the work was done in an inefficient or redundant manner, or if the hours claimed are deemed excessive. *Hensley v. Eckerhart* 461 U.S. 424, 434 (1983); *Chalmers v. Los Angeles* 796 F.2d 1205, 1210 (9th Cir. 1986).

"A plaintiff is not automatically entitled to all hours claimed in the fee request. Rather, the plaintiff must prove the hours sought were reasonable and necessary." *Rey v. Madera Unified Sch. Dist*. 203 Cal.App.4th 1223, 1243-44 (2012). Attorneys seeking an award of fees bear the burden of submitting detailed time records justifying the hours spent on each task. The number of hours allotted for the lodestar calculation should be reduced if the documentation is inadequate, if the case was overstaffed, if hours were duplicated, if the work was done in an inefficient or redundant manner, or if the hours claimed are deemed excessive. (*Hensley v. Eckerhart* 461 U.S. 424, 434 (1983); *Chalmers v. Los Angeles* 796 F.2d 1205, 1210 (9th Cir. 1986).

Here, the Magistrate concluded that "Plaintiffs provide a detailed breakdown of the hours spent on various tasks, beginning with the initial motion to compel that led to the order granting sanctions." (Order at p.15:19-20).  Defendants submit the Magistrate misapplied the relevant legal standards, in regard to attorneys' fees presentation, in determining that Plaintiffs' declaration stands as a "detailed breakdown" of their attorneys' fees. Plaintiffs' representation of their hours are tantamount to presenting block billing. Numerous courts have noted block billed entries are not appropriate.  "Block billing makes it more difficult to determine how much time was spent on

{02276123.DOCX}                                          15

particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) citing *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C.Cir.2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness") *Christian Research Institute v. Alnor* 165 Cal. App.4th 1315, 1325 (2008) ["Substantial evidence supports the trial court's conclusion block billing 'obscured the nature of some of the work claimed,' further damaging counsel's credibility."].

Defendants submit that Plaintiffs' declarations do not sufficiently delineate the time spent on each activity. For example, in bringing the Motion for Sanctions, Plaintiffs seek $1,040 for the 1 hour that Ms. Dunning spent "revising and drafting the Joint Brief Letter"; $18,550 for the 15.4 hours that Ms. Simpson LaGoy spent "conducting fact and legal research, drafting, and revising Joint brief letter" and 5.8 hours meeting and conferring with counsel for Defendants. (ECF No. 146-1 ¶ 51). There is no breakdown on how much time was spent in "revising" versus "drafting" and how much time was spent "conducting "fact and legal research." Similarly, Ms. Dunning states that she spent "19 hours preparing for, taking, and traveling to and from Ukiah, California for the depositions of Deputies Castellanos and Martinez" (ECF No. 146-1 ¶ 54). Likewise, Ms. Simpson Lagoy states she spent "11.4 hours preparing for and taking the deposition of Mr. French, and traveling to and from Santa Rosa, incurring a total of $9,975 in attorneys' fees." None of these fees breakdown how much actual time was spent on each specific task.  (ECF No. 146-1 ¶ 55). Plaintiffs further muddy their attorneys' fees presentation through the use of approximations throughout their declarations. For example, Plaintiffs state, "I spent approximately 3.4 hours drafting and revising the Motion to compel...Jessie Simpson LaGoy spent approximately 8.5 hours drafting and revising the Motion to Compel." (ECF No. 146-1 ¶ 49). [2]

---

[2] *See also* ECF No. 146-1 ¶ 53: "Ms. Forderer spent approximately 3.5 hours preparing for, taking, and traveling to and from Ukiah, California for the deposition of Deputy Newton."; ECF No. 146-1 ¶ 54: "Ms. Simpson LaGoy spent approximately 12.9 hours preparing for and attending the hearing…"; ECF No. 146 ¶ 55: "Ms. Simpson LaGoy spent 11.4 hours preparing for and taking the deposition of Mr. French, and traveling to and from Santa Rosa…"; ECF No. 160 ¶ 3: "Ms. Simpson LaGoy spent well in excess of 20 hours…analyzing the County's opposition, and researching and drafting the Reply."

{02276123.DOCX}

16

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX: 916.927.3706

Case 3:18-cv-06935-WHA   Document 163   Filed 08/31/20   Page 24 of 27

These entries are troubling because it cannot be determined with any certainty how much time was spent on each discrete exercise. The Court and Defendants are left with nothing but a guess as to the actual time spent on any given activity based on how the activities are lumped together in this block billing format. Without a more concrete breakdown of time spent on each task, there is no way to determine the accuracy of an individual entry, and thus no way to determine its reasonableness. *See Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C.Cir.2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness"); *see also Hensley,* 461 U.S. at 437 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims").

Notwithstanding the vagueness of the billing breakdown, the Magistrate also appears to justify the amount because "Plaintiffs seek fees for only a small portion of the fees actually incurred because they seek fees without considering all of the fees incurred by Simpson LaGoy, Forderer, and Dunning and do not seek fees incurred by unnamed associate attorneys and paralegals." (Order p. 15:21-28). Moreover, the Magistrate provides further justification for the costs because of Plaintiffs' "voluntary reduction of fees." (Order, p. 18: 22-23). Plaintiffs may only be compensated for those hours of work that were "reasonably expended." *L.H. v. Schwarzenegger*, 645 F.Supp.2d 888, 896 (E.D. Cal. 2009); citing *Hensley,* 461 U.S. at 433-34. 'The court will not grant a fee award for hours that are excessive, redundant, or otherwise unnecessary.' *Id*. The burden lies with Plaintiffs to tender evidence of the hours spent on the matter. *Id.*; *Gates*, 987 F.2d at 1397.

However, the Magistrate never ruled on how or why this "voluntary reduction of fees" was reasonable. For example, there is no determination as to how two or more attorneys working on the same motions does not duplicate each other's work, and/or is not redundant of each other. (see ECF No. 146-1 ¶¶ 49, 51, 58; see also ECF No. 160 ¶ 3). So, while Plaintiffs agree to a "voluntary reduction of fees," there was no determination that the redundant and duplicative work of multiple attorneys on this matter was reasonable in the first place.

Based on the foregoing, Defendants' respectfully ask the Court to reconsider its justification

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

{02276123.DOCX}                                        17

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

1    for attorneys' fees.

2        **ii.**      **Plaintiffs' Fee Amount determination was made in clear error**

3        The Magistrate determined that Plaintiffs' attorneys' fees were not too high because, "lead

4    counsel Angela Dunning has significant experiences as Plaintiffs' counsel in cases of this type under

5    42 U.S.C. § 1983, and that experience includes litigating at least one case through trial…" (Order,

6    p. 17: 17-21). Moreover, the Magistrate also determined that Plaintiffs "present evidence showing

7    the expertise in litigation in general of the law firm representing Plaintiffs (*Id.*, p. 17: 22-23).

8    Defendants respectfully submit this determination was made in clear error, as Plaintiffs' rate does

9    not constitute a reasonable hourly rate prevailing in the community for similar work. *See Gonzalez*

10    *v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013).

11        First, the Magistrate justified Plaintiffs' attorneys' fees by relying on cases concerning other

12    areas of law, citing to *In re AnimationWorkers Antitrust Litig.*, and *Nitcsh v. DreamWorks Animation*

13    *SKG Inc.* (Order at p. 17:27-28; 18:1-4). Defendants submit that in determining a reasonable hourly

14    rate, the District Court should be guided by the rate prevailing in the community for similar work

15    performed by attorneys of comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S.

16    886, 895, n.11 (1984). In *In re Animation Workers Antitrust Litig.*, the court determined that fees

17    were appropriate because the "Class Counsel are experienced and respected in the fields of

18    consumer, antitrust and class action litigation." *In re Animation Workers Antitrust Litig.*, 2016 WL

19    6663005, at *8 (N.D. Cal. Nov. 11, 2016). Similarly, in *Nitcshv. DreamWorks Animation SKG Inc.,*

20    another complex class action litigation, the Court found it reasonable that the "three most senior

21    attorneys on the case, who serve as the lead attorney for each respective law firm, charge between

22    $870 and $1,200 per hour." *Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 2423161, at *9

23    (N.D. Cal. June 5, 2017). Defendants submit these cases do not provide a proper justification for the

24    fees sought in the present matter. Comparing rates, experience, and expertise of attorneys engaged

25    in class action antitrust litigations is not sufficiently similar or comparable to the work involved in

26    civil rights litigation to justify the reasonableness of Plaintiffs' fees in the present matter.

27        Next, the Magistrate relies on *Frias v. City of Los Angeles*, where the court justified a $1,100

28

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

{02276123.DOCX}           18

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX: 916.927.3706

per hour fee in a 42 U.S.C. § 1983 suit. *Frias v. City of Los Angeles*, No. CV 16-4626 PSG (SKX), 2020 WL 4001620, at *3 (C.D. Cal. Apr. 23, 2020). The court justified this fee because, "[w]hen it comes to police excessive force cases in Los Angeles, Mr. Galipo is without question at the top of his field." *Id*.

Based on Ms. Dunning's own declaration, she has "devoted substantial time to a number of matters involving claims of excessive force and other violations of 42. U.S.C. § 1983," yet Ms. Dunning only provided three 42. U.S.C. § 1983 matters that she has worked on previously before this current matter. (See ECF No. 158-1). While Ms. Dunning may be a seasoned litigator, Defendants submit that the Magistrate erred in awarding such a high fee as there's nothing to suggest that Ms. Dunning would be considered the "top of the field" concerning civil rights or excessive force cases to justify the fees in this matter.

Additionally, both Ms. Dunning's declaration, and the Magistrate's Order are silent as to the justification for the associate attorneys' fees in this matter, including those of Ms. Simpson LaGoy, a "junior lawyer" (six years of fewer out of law school) (ECF No. 146-1 ¶ 4). Plaintiffs' submit no evidence of Ms. Simpson LaGoy's relevant experience or expertise in this area of law, nor do they provide the prevailing rates of similarly situated litigation associates to justify Ms. Simpson LaGoy's $755 and $875 fees in the San Francisco legal community. *See Frias v. City of Los Angeles*, No. CV 16-4626 PSG (SKX), 2020 WL 4001620, at *2 (C.D. Cal. Apr. 23, 2020) (the median rate for litigation associates at $510 per hour, with those in the upper quartile making $670 per hour). Considering the substantial amount of fees sought from Ms. Simpson LaGoy's work on this case, Defendants submit that there is no way to justify the reasonableness of such fees, absent such a determination by the Court. *See Portnoy v. Veolia Transp. Servs*., 2013 WL 4828122, 2013 U.S. Dist LEXIS 128511, *7 (2013) (Where an attorney fails to present evidence to substantiate the rates charged, the Court will not award the optimal rate sought by the attorney).

Lastly, the Magistrate determined that Plaintiffs' breakdown of hour spent as detailed in their declarations were "sufficient to support the reasonableness of the time spent." (Order at p. 19:1-2). As explained in more detail above, Defendants maintain the numerous approximations, as well as

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**

blocks of time with no clear delineations, render the declaration insufficient to conduct a reasonableness determination. Moreover, In *Banas v. Volcano Corp.,* 47 F. Supp. 3d 957, 966 (N.D. Cal. 2014), Volcano's counsel, **Cooley**, states that "[a]s standard practice, attorneys at Cooley LLP block bill their time without specifying the time spent on each task within an entry, unless otherwise requested by a client. Volcano made no such request and paid for block-billed time." The court went on to state, "'block-billing is not inappropriate *per se,*' if the party seeking fees provides enough information to reveal whether the amount of time spent performing tasks was reasonable." *Id.* Furthermore, the court stated "Volcano did not do so. The time entries submitted by Volcano are replete with examples where, because of block-billing, it is impossible to determine whether the time requested for any one task was reasonable." In the spirit of Cooley's "standard practice" of block-billing, Plaintiffs' presentation of fees in this present matter make it impossible to determine the time spent on each task and therefore impossible to evaluate whether the time spent was reasonable.

## VI. CONCLUSION

For the reasons stated, Defendants COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ, and CODY WHITE respectfully requests the Court to reconsider the Magistrate's Order granting the motion for sanctions and attorneys' fees and recommending the adverse inference instruction to the jury.

Respectfully submitted,

Dated:  August 31, 2020                PORTER SCOTT

A PROFESSIONAL CORPORATION

By /s/ John R. Whitefleet
    John R. Whitefleet
    Attorneys for Defendants

PORTER SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX 916.927.3706

{02276123.DOCX}                20

**COUNTY OF LAKE, ANTONIO J. CASTELLANOS, JOSE MARTINEZ AND CODY WHITE'S MOTION FOR RECONSIDERATION OF THE ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE JURY INSTRUCTIONS**